APPENDIX
FLORIDA JUDICIAL QUALIFICATIONS COMMISSION RULES
RULE 1. SCOPE AND TITLE
These rules apply to all proceedings before the Judicial Qualifications Commission involving the discipline, retirement or removal of justices of the Supreme Court, and judges of the District Courts of Appeal, Circuit Courts, and County Courts pursuant to Article V, Section 12 of the Constitution of the State of Florida, as amended, and removal or disqualification of members of the Commission. These rules shall be known as Florida Judicial Qualifications Commission Rules and may be abbreviated as “FJQCR.’k
RULE 2. DEFINITIONS AND-WQT-E-
(a) In these rules, the singular shall include the plural and vice-versa, and any singular personal pronoun shall include both feminine and masculine genders, and unless the context or subject matter otherwise requires:
(1) “Commission” means the Judicial Qualifications Commission.
(2) “Investigative Panel” means a division of the Commission vested with the jurisdiction to receive or initiate complaints, conduct investigations, dismiss complaints, and, upon a vote of a simple majority of the panel, submit formal charges to the hearing panel. The chair of the Commission shall be its chair.
(3) “Plearing Panel” means a division of the Commission vested with the authority to receive and hear formal charges from the Investigative Panel. The Hearing Panel, by majority vote of its members may recommend to the Supreme Court that a judge be subject to appropriate discipline. Upon a vote of four members, the panel may recommend to the Supreme Court the removal of a judge, as provided in Article 5, § 12, of the Constitution of the State of Florida, or the involuntary retirement of a judge for any permanent disability that seriously interferes with the performance of judicial duties.
(24) “Judge” means a justice of the Supreme Court and a judge of the District Court of Appeal, Circuit Court and County Court.
(35) “Chairman” includes the acting chair-
(46) “General Counsel” means any member^) of The Florida Bar designated by the Commission to serve as legal advisor to the Commission and Investigative Panel, and to perform such other duties as authorized by the Commission.
(7) “Counsel to the Hearing Panel” means any member(s) of The Florida Bar, designated by the Hearing Panel to serve as legal advisor to the Hearing Panel.
(58) “Special Counsel” means any members) of The Florida Bar designated by the Commissionlnvestigative Panel to gather and present evidence before the Commissionln-vestigative Panel or the Hearing Panel with respect to the charges against a judge and to represent the Commission in all proceedings, including investigations.
(69) “Shall” is mandatory and “may” is permissive.
*859 (710) “Mail” and “mailed” include ordinary, registered, certified, or other form of United States mail, and — personal delivery, and delivery by a commercial delivery service.
(8)-The.masculine gender ineludes~-the feminine-gender.
(11) “Executive Director” means a person designated by the Commission to supervise its staff and to render such services to the Commission and its several panels as required, provided, however, that the Executive Director and staff will provide only ministerial or similar services to facilitate the activities of the Hearing Panel.
(@12) “Member” means a member of the Commission.
(13) “Supreme Court” means the Supreme Court of Florida.
(b)-Vote required:
(-1) Unless otherwise provided.in ■ these rulos, Commission action shall be by-a majority vete-of-the members present and voting.
(2) A finding of probable cause against a judge or recommendation of suspension of a judge shall be by an affirmative vote-ofnot less than seven (7) members.
(3)^A-finding that a judge-is guilty shall be by an affirmative vote of-not-less' than nine (9) members.
(4) The recommendation of discipline following a finding of guilty shall be by an affirmative vote of not less than nine (9) members.
(5)-The removal of a member of the-Commission-shall be by an affirmative vote of not less -than seven (7) members.
RULE 3. MEMBERSHIP AND JURISDICTION
(a) The membership of the Commission shall be as prescribed in Article V, Section 12 of the Constitution of the State of Florida and for such term as prescribed by general law. When a judgemember ceases to be a judge-of-the courtmember of the appointing body from which hethat member was appointed or whenever any member becomes otherwise ineligible to hold office, isthat person’s membership on the Commission shall terminate. The Chairman shall promptly notify the appointing authority of the vacancy. In the event of a vacancy the Commission-Chair shall appoint a temporar-y-replacemenh-from the same category until-such time as the appointing authority shall-duly certify to the Commission a replacement for the remainder of-the termas provided in Rule 25.
(b) The Commission shall have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or hearing, including the power to compel the attendance of witnesses, to take or to cause to be taken the deposition of witnesses, to order the production of books, records or other documentary evidence, and the power of contempt. In any matter within the jurisdiction of the Commission requiring the appearance of any person before the Commission or any member, any member shall have the power to issue subpoenas and to administer oaths and affirmations to such persons.
RULE 4. OFFICERS OF THE COMMISSION
The Commission shall elect a Chairman and a Vice-Chairman, each of whom shall serve for a term of two years. The Vice-Chairman shall act as the chairman of the Commission in the absence of the Chairman. The Commission may appoint staff, including an executive director and a-General Counsel as necessary to carry out its duties. The Commission will consider and decide matters relating to budget and other business of the Commission not specifically assigned to its panels. The Hearing Panel may appoint a Counsel to the Hearing Panel to serve as its legal advisor.
RULE 5. QUORUM OF COMMISSION
A quorum for the transaction of-business by-fehe-Commission shall be-sevem members except as-otherwise provided in these rules.
(a) A quorum for the transaction of the Commission’s executive business shall be eight members except as otherwise provided in these rules.
(b) A quorum of the Investigative Panel shall be not less than five members of that Panel.
*860 (c)A quorum of the Hearing Panel shall be not less than five of the members of that Panel.
RULE 6. COMPLAINT AND--INVESTI-PANEL RULES
(a) The Investigative Panel of the Commission, upon receiving factual information, not obviously unfounded or frivolous, or an individual complaint made under oath, indicating that a judge is guilty of -willful or persistent failure to perform hisjudicial duties, or conduct unbecoming a member of the judiciary demonstrating a present unfitness to hold office, or that bethe judge has a disability seriously interfering with the performance of faisthe judge’s duties, which is, or is likely to become, permanent in nature, may make an investigation to determine whether formal charges should be instituted.
(b) The judge has no right to be present n or to be heard during an investigation, but before the Commissionlnvestigative Panel determines that there is probable cause to initiate formal charges, the judge shall be notified of the investigation, the general nature of the subject matter of the investigation, and shall be afforded reasonable opportunity to make a statement before the Commissionlnvestigative Panel, personally or by faisthe judge’s attorney(s), verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct or disability. The judge shall not have the right to present other oral testimony or evidence, and-he shall not bavenor the right of confrontation or cross-examination of any person interviewed, called or interrogated by the Commissionlnvestigative Panel; provided that the Investigative Panel in its sole discretion may receive and consider documentary evidence, including affidavits submitted by a judge. Such notification shall be given personally or by registered or certified mail addressed to the judge at faisthe judge’s chambers or, if returned undelivered, at faisthe judge’s last known residence.
shall have the right to require a judge to meet with it on an informal basis in reference to matters that-relate to his judicialrelating to the judge’s duties.
(d) When a judge has received a notice of investigation, or a notice to appear before the Commissionlnvestigative Panel, or has requested such notification, the judge shall be promptly notified in writing if the investigation does not disclose probable cause to warrant further proceedings — the judge shall promptly be so notified.
(e) The Commissionlnvestigative Panel shall have access to all information from all executive, legislative and judicial agencies, including grand juries. At any time, on request of the Speaker of the House of Representatives or the Governor, the Commission shall make available all information in possession of the Commission for use in consideration of impeachment or suspension, respectively.
RULE- 7, FORMAL — CHARGES—PROCEEDINGS
(af) If the CommissionWhen the Investigative Panel finds probable cause that formal charges should be filed against the judge, itthe Investigative Panel shall file a Notice of Formal Charges with the Clerk of the Supreme Court. The Investigative Panel shall designate one or more Special Counsel who shall prepare appropriate papers and pleadings, gather and present evidence before the CommissionHearing Panel with respect to the charges against the judge, and otherwise act as counsel in connection with the prosecution of the charges against the judge, including the representation of the Commission in connection with any Commission or judicial proceedings. It shall direct Counsel toThe Investigative Panel shall cause to be served on the judge a copy of the Notice of Formal Charges. Such proceedings shall be entit-ledstyled:
“BEFORE THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION”
“Inquiry Concerning a Judge, No_”
(fag) The notice shall be issued in the name of the Commission and specify in ordinary and concise language the charges against the judge and allege the essential facts upon which such charges are based, and shall advise the judge of bis the judge’s right *861 to file a written answer to the charges against him within 20 days after service of the notice upon faimthe .judge.
(eh) Service of the notice shall be made personally or by registered or certified mail addressed to the judge at faisthe judge’s chambers or, if returned undelivered, at faisthe judge’s last known residence.
(4i) After formal charges have been insti-tutedthe notice has been filed, any notice or other material shall be mailed to the judge at faisthe judge’s chambers or residence address, or to faisthe judge’s attorney(s), if any.
(j) The Investigative Panel may reach agreement with a judge on discipline or disability, and such stipulation shall be transmitted by it directly to the Supreme Court to accept, reject or modify in whole or in part.
RULE 7. HEARING PANEL RULES
(a) The Hearing Panel shall receive, hear and determine formal charges from the Investigative Panel. The Hearing Panel shall select one of its members as Chair.
(b) The Chair of the Hearing Panel shall dispose of all pretrial motions. These motions may be heard by teleconference or be determined with or without hearings. The Chair’s disposition of motions shall be subject to review by the full Hearing Panel.
RULE 8. SUSPENSION OF JUDGE
Subsequent to ^fee-filing- of the notice of investigation-, or upeuBefore or after the filing of tfeea Notice of Formal Charges, the Commissionlnvestigative Panel may, in its discretion, issue its order directed to the judge ordering faimthe judge to show cause before the Commissionit why the Commis-sionthat panel should not recommend to the Supreme Court that hethe judge be suspended from office, either with compensation or without compensation, while the inquiry is pending. The order to show cause shall be returnable before the Commissionlnvestiga-tive Panel at a designated place and at a time certain, at which place and time the Com-mis-sionlnvestigative Panel shall consider the question of suspension and any action thereto. Thereafter, and upon the filing of a Notice of Formal Charges with the Supreme Court, the Commissionlnvestigative Panel, not less than seven (7)two-thirds of its members concurring, may recommend to the Supreme Court that the judge be suspended from performing the duties of fais office, either with or without compensation, pending final determination of the inquiry. If the Commissionlnvestigative Panel recommends suspension, such recommendation shall have incorporated therein a record of the proceedings of the Commissionlnvestigative Panel in relation to the recommendationorder to show cause.
RULE 9. ANSWER AND MOTIONS
(a)-Within 20 days after service of the Notice of Formal Charges, the judge may serve and file an Answer, a copy of which shall be served on the Chair of the Hearing Panel and the original of which shall be filed with the Clerk of the Supreme Court. If the judge desires that all hearings be heldheard in the county of faisthe judge’s residence, hethe judge shall so demand in writing at the time of filing histhe initial aA nswer is filed.
(b) There shall be a motion.Committee with — the power to -dispose-of — all pre-trial motions;- Such Committee shall be composed of the Chairman and two judges appointed by- the Chan-man; — The Committee’s disposition shall-be subject to review at the Commission’s-next-ensuing meeting;
RULE 10. FILING
(a) Upon the filing of the Notice of Formal Charges against a judge with the Clerk of the Supreme Court of Florida, the Notice of Formal Charges and all subsequent proceedings before the CommissionHearing Panel shall be public.
(b) The original of all pleadings subsequent to the Notice of Formal Charges shall be filed with the Clerk of the Supreme Court of Florida, which office is designated by the Commission for receiving, docketing, filing and making such records available for public inspection. A duplicate original of all pleadings filed in the proceedings shall be served on each party, with a copy to the Commission offieeChair of the Hearing Panel.
RULE 11. SETTING FOR HEARING
After the filing of an Answer or the eviration of the time for its filing, the Commissi- *862 oaHearing Panel shall set a time and mplace for a hearing and shall give notice of such hearing at least 20 days prior to the date set. If the judge timely requests that the hearing's) be held in the county of his the judge’s residence, it shall be so held unless the Cem-aassjoaHearing Panel, by an affirmative vote of at least nine-(9)two-thirds of its members, determines otherwise.
RULE 12. PROCEDURE
(a) In all formal proceedings before the Hearing Panel, the Florida Rules of Civil Procedure shall be applicable except where inappropriate or as otherwise provided by these rules.
(b) Special Counsel shall, upon written demand of a party or counsel of record, promptly furnish the following:
The names and addresses of all witnesses whose testimony the Special Counsel expects to offer at the hearing, together with copies of all written statements and transcripts of testimony of such witnesses in the possession of the counsel or the Commissionlnvestiga-tive Panel which are relevant to the subject matter of the hearing and which have not previously been furnished, except those documents confidential under the Constitution of the State. When good cause is shown this rule may be waived.
RULE 13, HEARING
(c) At the time and place set for hearing, the CommissionHearing Panel may proceed with the hearing whether or not the judge has filed an Answer or appears at the hearing.
RULE 4413. DISABILITY
Upon receiving information that a judge is suffering a possible physical or mental disability which seriously interferes with the performance of his-judicialthe judge’s duties, the Commissionlnvestigative Panel, upon thoa majority vote — of nine members, may order the judge to submit to a physical and/or mental examination and/or may give notice of formal charges pursuant to Rule 6, supra. If the judge fails to submit to such examination within the time ordered, the Commissionlnvestigative Panel may recommend to the Supreme Court that the judge be suspended without compensation until such time as the judge complies with the Commission’slnvestigative Panel’s order.
RULE 4514. EVIDENCE
At a hearing before the CommissionHear-ing Panel, legal evidence only shall be received and oral evidence shall be taken only on oath or affirmation.
RULE 4515. PROCEDURAL RIGHTS OF JUDGE BEFORE THE HEARING PANEL
(a)In all hearings before the Hearing Panel, a A judge shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by attorney(s), and to examine and cross-examine witnesses. HeThe judge shall also have the right to the issuance of subpoenas for attendance of witnesses to testify or produce books, papers, and other evi-dentiary matter.
(b)When a transcript of the trial testimo-ayproceedings has been prepared at the expense of the Commission, a copy thereof shall be furnished without cost to the judge. The judge shall also have the right, without any order or approval, to have all or any portion of the testimony in the--proceedings transcribed at histhe judge’s expense.
(c)If the judge is adjudicated incomp e-teatto be incapacitated, the Commissionpanel with jurisdiction shall appoint an attorney ad litem unless the judge has a guardian-who will represent him there is a duly appointed legal guardian authorized to represent the judge, or to appoint counsel to represent the judge. The guardian or attorney ad litem may claim and exercise any right and privilege and make any defense for the judge with the same force and effect as if claimed, exercised, or made by the judge, if compe-teatwith capacity, and whenever these rules provide for the serving or giving notice or sending any matter to the judge, a copy of such notice or matter also shall be served, given or sent to the guardian or attorney ad litem.
RULE 4716. . AMENDMENTS TO NOTICE OR ANSWER
The CommissionHearing Panel may in the interest of justice allow or require amend *863 ments to the Notice of Formal Charges and may allow amendments to the Answer. In case such amendment is made, the judge shall be given reasonable time both to answer the amendment and to prepare and present hisa defense against the matters charged-thereby. If requested by the judge, the Hearing Panel may refer to the Investigative Panel any new matter presented or alleged in such amendment, as to which there has been no previous finding of probable cause by the Investigative Panel.
RULE 4817. EXTENSION OF TIME
The Chairman of the CommissionHearing Panel may extend the time for filing an Answer or for the commencement of a hearing before the CommissionHearing Panel.
RULE 4918. HEARING ADDITIONAL EVIDENCE
The CommissionHearing Panel may order a hearing for the taking of additional evidence at any time while a matter is pending before it. The order shall set the time and place of the hearing and shall indicate matters on which the evidence is to be taken. A copy of such order shall be sent by mail at least 4Qten days prior to the date of the hearing.
RULE 2019. COMMISSIONHEARING PANEL VOTE
After conclusion of the hearing and consideration of the issues presented for decision, the CommissionHearing Panel shall first-determine by vote the judge’s guilt or innocence of the formal charges. If the CommissionHearing Panel determines by an affirmativea two-thirds vote of not -less than nine members that the judge is guilty of one or more of the charges so specified, it shall then proceed to determine the discipline to be recommended. The vote of four members of the Hearing Panel shall be required to recommend removal of the judge from office or for medical retirement of a judge. Upon a simple majority vote of a quorum of the Hearing Panel, the Panel may recommend to the Supreme Court that the justice or judge be subject to other appropriate discipline. Failure to recommend the imposition of aany penalty by the prescribed affirmative vote of not - less -than nine- membersthe Hearing Panel shall constitute a dismissal of the proceedings.
RULE 2420. CERTIFICATION OF COM-MISSÍQNHEARING PANEL RECOMMENDATIONS TO SUPREME COURT
Upon dismissal by the Commission oflf the Hearing Panel dismisses the formal charges, the CommissionHearing Panel shall promptly file a copy of the dismissal order certified by the Chairman, General Counsel or executive director of -the — CommissionChair of the Hearing Panel in the office ofwith the Clerk of the Supreme Court^of- Florida. Upon making a determination recommending discipline, retirement, or removal of a judge, the CommissionHearing Panel shall prosiptly-file a copy of the recommendation certified by the Chairman, General-Counsel or executive director of the — GommissionChair of the Hearing Panel, together with a transcript and the findings and conclusions, with the Clerk of the Supreme Court and shall promptly mail to the judge and to histhe judge’s attorney(s) notice of such filing, together with a copy of such recommendations, findings,- and conclusions.
RULE 2221. REVIEW OF COMMISSION-PROCEEDINGS
To the extent necessary to implement this rule, the Florida Appellate Rules of Appellate Procedure and Rule 2.140 of the Florida Rules of Judicial Administration shall be applicable to reviews of Commissionlnvestiga-tive and Hearing Panel proceedings by the Supreme Court.-(Fla.App. Rule 9.520)
RULE 2222. SUBPOENAS
Subpoenas for the attendance of witnesses and the production of documentary evidence in any proceedings shall be issued as follows:
(a) Judicial Qualifications Commission.
Subpoenas for the attendance of witnesses and the production of documentary evidence for discovery, and for the appearance of any person before any panel of the Commission or any member, may be issued by any member, er-the General Counsel of the Commission, Counsel to the Hearing Panel, or Special Counsel, and be served in the manner provided by law for-the service of witness subpoenas in a civil action.
*864 (b)Contempt. Any person who, without adequate excuse, fails to obey such a subpoena of the Commission or a panel of the Commission served upon fafanthat person may be cited for contempt of the Commission in the manner provided in these rules.
RULE 2423. CONFIDENTIALITY OF PROCEEDINGS
(a) Until formal charges against a judge are filed by the Investigative Panel of the Commission with the Clerk óf the Supreme Court of Florida, all proceedings by or before the Commission shall be confidential. Upon a finding of probable cause and the filing by the Investigative Panel of the Commission with saidthe Clerk of such formal charges against a judge, such charges and all further proceedings before the CommissionHearing Panel shall be public.
(b) All notices, papers and pleadings mailed to a judge prior to formal charges being instituted shall be enclosed in a cover marked “confidential.”,-
(c) Every witness in every proceeding under these Rules shall be sworn to tell the truth and not to disclose the existence of the proceeding, the subject matter thereof, or the identity of the judge until the proceeding is no longer confidential under these Rules. Violation of this oath shall be an act of contempt of the Commission.
(d) Violation of thesethis Rules by a member of the Commission shall subject hlmthat member, after written notice and hearing, to removal from office by an affirmative vote of seven (7)eight members of the Commission and shall constitute contempt of the Commission which may be enforced by appropriate proceedings in the Supreme Court of Florida. (See Rule 26.)
RULE 2524. INTERESTED PARTY
A judge who is a member of the Commission or of the Supreme Court shall be disqualified from participation in such capacity in any proceedings involving histhe judge’s own discipline, retirement or removal.
RULE 2525. DISQUALIFICATION OF MEMBERS OF THE COMMISSION
(a) Whenever a judge against whom formal proceedings have been instituted, as provided in-these Rules, shall make-aad-file with the CommissionHearing Panel an affidavit that faethe judge fears faethe judge will not receive a fair hearing before the Judicial Qualifications CommissionHearing Panel on the charges because of the prejudice of one or more members of the 1 Panel against faaathe judge, and the facts stated as the basis for making the said-affidavit shall be supported in substance by affidavit of at least two reputable citizens of the State of Florida not ef-kin to the judge or histhe judge’s attorney, or if any member of the CommissionHearing Panel shall voluntarily recuse himself, such member or members of the CommissionHearing Panel shall proceed no further therein and shall be disqualified from hearing saidthe charges. SaehThe affidavit shall state the facts and the reasons for the belief that any such prejudice exists, shall specify the member(s) of the CommissionHearing' Panel allegedly prej-udicedy and shall be filed not more than 15 days after service of the Notice of Formal Charges upon the judge charged.
(b)The-Commission shall make-adr-hoc appointments of a person or persons-to-take-the place of the member-ofr- members of the Commission- so-disqualified, but each-member so disqualified-may participate in the action of-the-Commission -in-making such ad hoc appointments, — Each ad hoc appointee shall be from the same category as the-disqualified member(s) set forth in Section 12(a) of Article V of the Constitution-of the -State-of Florida. The Chair of the Commission shall request from each of the appointing authorities a list of four persons who may temporarily serve in the absence of incapacitated or disqualified members. The appointing authorities are the Conference of District Court of Appeal Judges, the Conference of Circuit Court Judges, the Conference of County Court Judges, the Board of Governors of The Florida Bar, and the Governor of Florida. Upon the disqualification of or in the absence of a member of the Hearing Panel, the replacement shall be chosen by the Chair from *865 those listed by the appropriate appointing authority. Each such replacement shall be from the same category as the disqualified member(s) set forth in Section 12(a), Article V of the Constitution of the State of Florida.
(c) The judge may within 15 days after receiving notice of aaysuch ad hoc appointment, file a like affidavit as to saidthat appointee, which shall be supported in substance by an affidavit of two citizens as set forth above, in which event saidthe ad hoc appointee shall not be disqualified on account of alleged prejudice against saidthe judge unless saidthe appointee admits that it is then a fact that hethe appointee is prejudiced against saidthe judgeT or unless a majority of the CommissionHearing Panel, which may include any ad hoe appointee, holds that saidthe appointee is prejudiced against the judges in which event the same ad hoc appointment procedure set forth above shall be followed until a qualified person has been appointed.
(fed) A judge moved against by the Commission may, by affidavit, suggest the disqualification of a 'member or members of the Commission unsupported by two citizens, but • in such event the determination of the matter of disqualification shall be by majority vote of the Commissionpanel having jurisdiction unless the person sought to be disqualified voluntarily recuses himself.
RULE 2526. CONTEMPT
Should any witness fail, without justification, to respond to the lawful subpoena of the Commission or, having responded, fail or refuse to answer all inquiries or to turn over evidence that has been lawfully subpoenaed, or should any person be guilty of disorderly or contemptuous conduct before any proceeding of the Commission, a-motion may be filed in the name of the Commission before the Circuit Court of the County in which the contemptuous act was committed, alleging the specific failure on the part of the witness or the specific disorderly or contemptuous act of the person which forms the basis of an alleged contempt of the Commission. Such motion shall pray for the issuance of an order to show cause before the Circuit Court why the Circuit Court should not find himthe person in contempt of the Commission and faewhy that person should not be punished by the Court therefor. The Circuit Court shall issue such orders and judgments therein as the Court deems appropriate.
RULE 27. APPOINTMENTS
The Chair of the Commission shall assign the members to the Investigative Panel and the Hearing Panel. The Chair shall appoint to the Investigative Panel four judges, two members of The Florida Bar and three non-lawyers. The Chair shall appoint to the Hearing Panel two judges, two members of the Bar of Florida and two non-lawyers. The membership on the panels may change at a time and in a manner determined by the Chair, provided that no member shall vote as a member of both the Investigative Panel and Hearing Panel in the same proceeding.